**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**JEFFERY T. COOK**,

      **Plaintiff,**

**v.**                                                                            **Case No. 3:15-cv-10569**

**MILDRED MITCHELL BATEMAN
HOSPITAL; MS. GEORGETTE
BRADSTREET, Statewide Forensics
Coordinator; 3 OFFICERS AT CRCC;
CRCC CORRECT CARE RECOVERY
SOLUTIONS; COLUMBIA REGIONAL
CARE CENTER,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Plaintiff, Jeffery T. Cook ("Cook"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 related to his transfer from Mildred Mitchell Bateman Hospital to Columbia Regional Care Center. (ECF Nos. 1, 1-1). Currently pending before the Court are Cook's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 2), and the initial screening of his complaint. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to the undersigned United States Magistrate Judge for total pretrial management and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned **RECOMMENDS** that the presiding District Judge **DENY** the Application to Proceed Without Prepayment of Fees and Costs and **DISMISS** this civil action, as it fails to state a claim for which relief may be granted.

1

## I.    <u>Introduction</u>

On November 9, 2011, the Circuit Court of Boone County, West Virginia determined that Cook was not competent to stand trial on three criminal charges pending against him. By March 2012, Cook's condition had improved, and he was found competent to stand trial. The Boone County Circuit Court adjudged Cook not guilty of the criminal charges by reason of mental illness and placed him in the custody of the West Virginia Department of Health and Human Resources, Office of Behavioral Health. The Circuit Court noted in the judgment order that its jurisdiction over Cook would continue until expiration of the maximum sentence of thirty years, or until otherwise discharged by the Court. At some point, Cook was committed to the care of Mildred Mitchell-Bateman Hospital ("MMBH"), a state-owned psychiatric facility in Huntington, West Virginia. In 2014, the Circuit Court ordered Cook transferred from MMBH to Columbia Regional Care Center ("CRCC") in Columbia, South Carolina, so that he could receive mental health services not available in West Virginia. The transfer was effected on or about February 21, 2015. (*Id.*).

Cook filed the instant complaint in July 2015. In the complaint, he alleges that three unnamed officers employed by Columbia Correct Care Recovery Solutions were tasked with transporting him from MMBH to CRCC. At the time of transfer, Cook had a pair of prescription eyeglasses and paperwork germane to a lawsuit he had pending in this Court. As Cook was placed in handcuffs, he asked the transport officers if they were going to bring his eyeglasses and paperwork with them to South Carolina. The officers indicated that they would bring those belongings. However, when Cook arrived in South Carolina, he learned that the officers had left the eyeglasses and paperwork in West Virginia. According to Cook, he tried to get a pair of replacement eyeglasses, and although

CRCC officials said that they would get him a pair, CRCC never provided them. At the time the complaint was filed, Cook had allegedly waited five months for a new pair of prescription eyeglasses. Cook seeks the appointment of counsel, $2,000,000 for pain and suffering, and a new pair of prescription eyeglasses.[1]

In May 2016, the Clerk of Court was notified that Cook had been transferred from CRCC to the William R. Sharpe, Jr., Hospital in Weston, West Virginia. Cook remains in the custody of the West Virginia Department of Health and Human Resources at Sharpe Hospital by order of the Circuit Court of Boone County, West Virginia.

## II.  __Standard of Review__

Under the provisions of 28 U.S.C. § 1915(e)(2), when an individual seeks to prosecute a complaint *in forma pauperis*, the court must screen the pleading and dismiss it, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant "who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *Anders v. California*, 386 U.S. 738, 744 (1967), or lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Denton v. Hernandez,* 504 U.S. 25 (1992). Likewise, a complaint fails to state a compensable claim, and therefore should be dismissed, when viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] On week prior to filing the complaint herein, Plaintiff filed a civil action in the United States District Court for the District of South Carolina, alleging precisely the same claims. *See Cook v. Columbia Regional Care Center, et. al.,* Civ. No. 9:15-2666-JMC-BM (D. S.C.). Cook's complaint was dismissed by the South Carolina District Court on August 25, 2016 for failure to exhaust administrative remedies. *Id.,* 2016 WL 4478691 (D. S. C. Aug. 25, 2016).

The United States Supreme Court further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Bell Atlantic* Corp, 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

Cook has filed his complaint *pro se*, and courts are required to liberally construe *pro se* complaints. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003). The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.    <u>Discussion</u>

Cook filed suit pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any State "law, statute, ordinance, regulation, custom, or usage." Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in

accordance with their authority or misuse it." *Monroe v. Pape,* 365 U.S. 167, 171-172 (1961). In order to assert a *prima facie* cause of action under § 1983, a plaintiff must show that: (1) a person (the defendant) deprived the plaintiff of a federally protected civil right, privilege or immunity, and (2) that the defendant did so under color of State law. *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010); *see, also, American Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-52 (1999).

### A.  MMBH and Ms. Georgette Bradstreet

Having reviewed the allegations in the complaint, the undersigned **FINDS** that MMBH and Ms. Bradstreet should be dismissed from this action, because Cook fails to plead enough facts to state a plausible claim against them. Cook's sole allegation against MMBH is that it requested an order from the Boone County Circuit Court to have Cook transferred to CRCC. (ECF No. 1 at 6; ECF No. 1-1 at 1). Cook fails to articulate any constitutional or civil right that was violated by this request. Ultimately, the decision to transfer Cook was made by the Circuit Court of Boone County. Consequently, Cook fails to state a claim against MMBH.[2] As to Ms. Bradstreet, Cook includes no factual allegations describing her role or involvement in the loss of his eyeglasses and paperwork. In fact, her name appears only once in the complaint—in the style of the pleading. In order to state a claim against Ms. Bradstreet, Cook must include information in the complaint that does more than merely infer some potential misconduct on her part. He did not do so. Therefore, Ms. Bradstreet should also be dismissed.

### B.  South Carolina Defendants

The undersigned **FINDS** that the remaining defendants should likewise be

---

[2] In addition, MMBH is probably not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dept. of State Police,* 491 U.S. 58, 71 (1989).

dismissed. To begin, Cook provides no factual representations in the complaint to demonstrate that this Court has personal jurisdiction over the South Carolina defendants. Furthermore, his claim was already considered by the United States District Court for the District of South Carolina, and was rejected. *Cook*, 2016 WL 4478691 (D.S.C. Aug. 25, 2016). Equally as importantly, Cook fails to state a claim of constitutional proportion.

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To the extent Cook asserts a due process claim related to the loss of his property, his claim must fail. Negligent acts cannot give rise to a constitutional deprivation. *Daniels v. Williams,* 474 U.S. 327, 328 (1986), ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *Nwaokocha v. Sadowski*, 369 F. Supp.2d 362, 370 (E.D.N.Y. 2005) (holding that "negligently misplacing an inmate's property does not establish a denial of due process.). Cook includes no facts in the complaint to suggest that the transport officers intentionally left behind his eyeglasses and paperwork. However, even if the officers did intentionally cause the loss or destruction of Cook's property, he cannot maintain a due process claim when meaningful postdeprivation procedures are in place. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("Accordingly, we hold that an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *and Parratt v. Taylor,* 451 U.S. 527, 541–44 (1981), *overruled in part by Daniels v. Williams,* 474 U.S. 327, 330–31 (1986). The ability to file state court claims for conversion and the availability of grievance processes have been held to constitute meaningful

postdeprivation remedies. *See Kidd v. Bradley*, 578 F. Supp. 275, 276–77 (N.D. W. Va. 1984) ("Under the common law of West Virginia, '[t]he tortious or unlawful taking of personal property, and the exercise of ownership and dominion over it, against the consent of the owner is ... a conversion of the property for which ... [a cause of action] will lie.' The common law likewise recognizes a cause of action for the negligent deprivation of, or injury to, one's personal property rights. Inasmuch as these common law actions provide the Plaintiff at bar with an adequate post-deprivation remedy, the Court finds that the Plaintiff has not stated a cause of action under Section 1983.") (citations omitted); *Goodman v. Ramey*, No. CIV.A. 2:12-0439, 2012 WL 5966642, at \*4 (S.D. W. Va. Nov. 29, 2012) (holding that an inmate failed to state a constitutional claim for the loss of his property when he could have challenged the taking "in a garden-variety tort claim in state court."); *Whitehead v. Beard*, No. CIV.A. 04-CV-1853, 2006 WL 891053, at \*8 (E.D. Pa. Mar. 30, 2006) ("The Third Circuit has held that the DOC's prison grievance procedure provides an adequate post-deprivation of property remedy."); *and Cooper v. Wright*, No. 7:15CV00572, 2016 WL 7165994, at \*4 (W.D. Va. Dec. 6, 2016) (holding that prisoner failed to demonstrate that postdeprivation remedies were not available when grievance procedures addressed the issue).

Although Cook's complaint lacks any information regarding his efforts to obtain replacement eyeglasses, the decision of the South Carolina District Court confirms that CRCC had a grievance procedure.[3]  Furthermore, South Carolina recognizes a state claim

---

[3] The Report and Recommendation filed in Cook's South Carolina action indicates that Cook orally complained twice about his eyeglasses; once on February 21, 2015, when the transport was made, and once on June 20, 2015. *Cook v. Columbia Regional Care Center*, 2016 WL 4491857, at \*2 (D. S. C. Aug. 1, 2015). Cook also purportedly "talked" to some people about his missing eyeglasses. *Id.* However, he never accessed CRCC's grievance process and submitted a written grievance pertaining to the lost items.

for conversion. *See Ellison v. Myers*, No. C/A3:06-0389 MBS, 2006 WL 2946474, at *3 (D.S.C. Oct. 16, 2006) (hold that a prisoner's § 1983 suit for return of personal belongings was properly asserted as a claim for conversion, "which is an action governed by the common law of South Carolina"). In sum, Cook has not alleged an intentional act by the transport officers and, even if he did, meaningful postdeprivation procedures were available to him. Accordingly, Cook has failed to state a due process claim for the loss of his eyeglasses and paperwork.

To the extent Cook attempts to raise a denial-of-medical-care claim, his complaint still falls short of stating a plausible cause of action. Although Cook is lawfully in state custody, he is not a "prisoner" subject to punishment; rather his "status is analogous to that of a pretrial detainee." *Russell v. Lanier*, No. 09-CV-511-GKF-PJC, 2010 WL 1416725, at *5 (N.D. Okla. Apr. 5, 2010), *aff'd,* 404 F. App'x 288 (10th Cir. 2010); *see, also, Tyler v. Coe*, No. CV 9:16-2711-MGL-BM, 2017 WL 1102817, at *4 (D.S.C. Mar. 9, 2017), *report and recommendation adopted sub nom. Tyler v. Coe*, No. 9:16-CV-02711-MGL, 2017 WL 1094257 (D.S.C. Mar. 23, 2017) (holding that the custody status of a civilly committed inmate "would most closely resemble that of a pretrial detainee."). As such, his denial-of-medical-care claim is analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment's prohibition against cruel and unusual punishment, which applies to convicted inmates. *Bell v. Wolfish*, 441 U.S. 520, 537 n. 16 (1979).

The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") has recognized two standards under the Fourteenth Amendment for denial-of-medical-care claims. *Patten v. Nichols,* 274 F.3d 829, 834-35 (4th Cir. 2001). Claims made by pretrial detainees "are governed by the deliberate indifference standard" grounded in the Eighth

Amendment, while claims asserted by individuals involuntarily committed to psychiatric institutions are evaluated under the "professional-judgment standard" set forth in *Youngberg v. Romeo*, 457 U.S. 307 (1982). *Id.*; *see, also, Youngberg v. Romeo,* 457 U .S. 307, 321–22 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."). The Fourth Circuit has not had occasion to explicitly address which standard pertains to the claims of an individual acquitted by reason of mental illness, but involuntarily committed by the Court as a result of the adjudication, nor has it decided "whether the professional-judgment standard should also be applied to civil detainees who are confined alongside convicted criminals in a correctional facility rather than in a psychiatric hospital." *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 209 n. 6 (4th Cir. 2017). In addition, the Fourth Circuit has not ruled on the appropriateness of applying both standards when the defendant caretakers include professional and nonprofessional personnel. *See, e.g., Tyler v. Cruz*, No. CV 15-2951 (FLW), 2017 WL 132842, at *8 (D.N.J. Jan. 13, 2017) (holding that professional decisionmakers are judged under the professional-judgment standard, while "nonprofessional employees who provide care for involuntarily committed individuals are subject to the deliberate indifference standard.") (citing *Shaw by Strain v. Strackhouse,* 920 F.2d 1135, 1147 (3d Cir. 1990)).

Looking first at the deliberate indifference standard, the Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)

(*citing Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). "In order to comply with the Eighth Amendment, prison conditions must comport with 'the evolving standards of decency that mark the progress of a maturing society.'" *Id.* at *5 (quoting *Estelle v. Gamble,* 429 U.S. 97, 102 (1976)).

To maintain a claim under the Eighth Amendment, Cook must show (1) "a deprivation suffered or injury inflicted" that was "sufficiently serious," when measured by an objective standard (objective component), and (2) that the responsible prison officials had a "sufficiently culpable state of mind" (subjective component). *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (*quoting Wilson*, 501 U.S. 294, 298–300 (1991)); *see, also, Williams v. Griffin,* 952 F.2d 820, 824 (4th Cir. 1991) ("a two-pronged showing is necessary to demonstrate a ... violation with respect to prison conditions: (1) a serious deprivation of a basic human need and (2) deliberate indifference to prison conditions on the part of prison officials.). The first prong, or the objective component, of an Eighth Amendment claim is satisfied by a showing that the challenged conditions caused or constituted an extreme deprivation of a basic human need. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, [the plaintiff] must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from [his] exposure to the challenged conditions." *Odom v. South Carolina Dept. of Corrections*, 349 F.3d 765, 770 (4th Cir. 2003) (*quoting De'Lonta*, 330 F.3d at 634); *see also Strickler v. Waters,* 989 F.2d 1375, 1380 (4th Cir. 1993) ("[F]or prison conditions to rise to the level of unconstitutional punishment, there must be evidence of a serious medical and emotional deterioration attributable to the challenged condition."). "Compelling a showing of significant physical or emotional harm, or a grave risk of such

10

harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler,* 989 F.2d at 1379–80).

With respect to the second prong, or the subjective component, Cook must demonstrate a "deliberate indifference" to his health or safety by the defendants. *Farmer*, 511 U.S. at 834 (quoting *Wilson,* 501 U.S. at 297). The Supreme Court has explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Deliberate indifference is more than mere negligence but less than malice. *Estelle,* 429 U.S. at 105-06 (1976). Put simply, if the defendants in this case were aware of an excessive risk of harm to Cook's health or safety and disregarded it, the defendants had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 303; *Brown v. North Carolina Dept. of Corrections*, 612 F.3d 720, 723 (4th Cir. 2010). *See Youngberg v. Romeo,* 457 U .S. 307, 321–22 (1982) ("Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.").

In contrast, while the deliberate indifference standard requires a showing that the state actor was recklessly indifferent, grossly negligent, or deliberately or intentionally indifferent, the professional-judgment standard requires only that a plaintiff show a decision that is "a substantial departure from accepted professional judgment, practice, or standards." *Shaw,* 920 F.2d 1135, 1145 (3d Cir.1990) (quoting *Youngberg,* 457 U.S. at

11

323) ("[A] decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment."). Nevertheless, as "[t]he substantive component of the due process clause protects against only the most egregious, arbitrary governmental conduct–that is, conduct that can be said to 'shock[ ] the conscience' ...,  [it is] clear that negligence alone does not amount to a constitutional violation." *Patten,* 274 F.3d at 834 (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)). The proper inquiry under the professional-judgment standard "is whether the care provided was so completely out of bounds as to make it explicable only as an arbitrary, nonprofessional choice, and in making such rulings the courts must defer to the necessarily subjective aspects of the decisional processes of institutional medical professionals and accord those decisions the presumption of validity." *Reeder v. Militani*, No. 1:12CV796 JCC/JFA, 2013 WL 6713115, at *4 (E.D. Va. Dec. 16, 2013).

Here, Cook provides no information regarding the South Carolina defendants; therefore, the undersigned is unable to determine the nature of the custodial relationship between those defendants and Cook.[4] Furthermore, Cook does not elaborate on his claim. For example, his visual acuity without eyeglasses is unknown. The length of time he has worn glasses, and the reason for glasses (e.g. only to read) are unclear. Cook also fails to detail his efforts to obtain new eyeglasses and makes no claim that formal requests for medical care related to his vision were ignored. Without some factual underpinning to support a cause of action under either standard elucidated by the Fourth Circuit, Cook's

---

[4] Correct Care Solutions' website indicates that it operates CRCC under an operations contract. CRCC is "the only private detention healthcare facility in the United States" and is accredited as a correctional healthcare facility.  *See* www.correctcaresolutions.com/our-services/crcc.

complaint fails to state a plausible claim.

Cook asserts that when he was transferred from MMBH to CRCC, the transport officers left behind his prescription glasses. He further complains that he was not promptly provided with replacement eyeglasses of the same caliber. These allegations clearly do not support an Eighth Amendment claim. Although he alleges in a conclusory fashion that he "suffered," Cook provides no factual allegations that describe a specific injury or harm resulting from the missing property. Without significant physical or emotional harm, or a grave risk of such harm, Cook cannot satisfy the first prong of an Eighth Amendment claim. *Compare Bethel v. Smith*, No. 3:13CV692-HEH, 2015 WL 2256581, at *4 (E.D. Va. May 13, 2015) (finding that a prison's failure to provide a prisoner with glasses did not constitute an Eighth Amendment violation when the prisoner identified no particular injury), *and Harris v. Townley*, No. 7:10CV00035, 2010 WL 373996, at *2 (W.D. Va. Jan. 28, 2010) (finding that prisoner failed to state an Eighth Amendment claim because his complaint lacked factual allegations "indicating that being without his prescription glasses for a time places him at any significant risk of physical harm."), *with Gray v. Stolle,* No. 3:11CV546, 2013 WL 4430919, at *3 (E.D .Va. Aug.6, 2013) (holding that prisoner who was denied glasses stated an Eighth Amendment claim because he experienced headaches,  blurry vision, had fallen off of the top bunk, and also fell down the stairs). Moreover, Cook similarly fails to establish the second prong, because there is no allegation in the complaint indicating that the transport officers acted with deliberate indifference to Cook's health and safety. To the contrary, the complaint suggests that the officers were merely negligent. With respect to his claim that new prescription eyeglasses were not promptly provided, Cook provides no factual basis upon which the Court could conclude that CRCC acted with deliberate indifference to his needs.

The factual recital set forth in the Report and Recommendation filed in the South Carolina District Court indicates that Smith did little to formally pursue the return or replacement of his glasses.  Accordingly, he is hard-pressed to demonstrate deliberate indifference.

Likewise, to maintain a claim under the professional-judgment standard, Cook must do more than merely complain that his eyeglasses were forgotten and CRCC did not provide him with a new pair. Instead, he is required to include *some* factual allegations in his complaint sufficient to show that one of the defendants failed to exercise the level of professional judgment required by *Youngberg.* Cook has not done so. Indeed, his complaint lacks even a single fact upon which this Court could conclude that Cook made a request for medical care that was improperly denied by an individual at CRCC capable of rendering a professional decision. As the South Carolina District Court observed, Cook should have pursued a remedy through the available administrative process before filing two federal lawsuits. His complaint simply fails to include a sufficient factual basis to support an action under § 1983 and, therefore, should be dismissed.

## IV.    <u>**Proposal and Recommendations**</u>

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 1) be **DISMISSED, with prejudice;** that the Application to Proceed Without Prepayment of Fees and Costs be **DENIED,** as moot, (ECF No. 2); and this civil action be removed from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff and, for informational purposes only, to Kierston E. Rosen, Esquire, of Jenkins Fenstermaker, PLLC, Cook's appointed counsel in Case No. 3:15-cv-02172.

**FILED:** March 31, 2017

Cheryl A. Eifert
United States Magistrate Judge